**Oscar Fernando Guerra VALDEZ, Petitioner,**

v.

**Michael B. MUKASEY,\* Attorney General, Respondent.**

No. 05–72393.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 2007.

Filed Nov. 30, 2007.

Evangeline G. Abriel, Esq., Santa Clara University Law School, Santa Clara, CA, Frank P. Sprouls, Esq., Law Office of Ricci and Sprouls, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, David V. Bernal, Arthur L. Rabin, Esq., Jamie M. Dowd, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, HALL and BYBEE, Circuit Judges.

MEMORANDUM \*\*

Petitioner Oscar Fernando Guerra Valdez is a citizen of Guatemala. He seeks

---

\* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as General of

the United States, pursuant to Fed. R. App. P. 43(c)(2).

\*\* This disposition is not appropriate for publi-

review of the BIA's decision that adopted and affirmed the decision of the Immigration Judge denying petitioner's request for asylum and withholding of removal.

Petitioner claims he was targeted by guerilla groups because of his involvement in a political organization known as the National Central Unity and because of his service in the military reserve. His petition for review rests on his testimony at the hearing relating to three episodes in which he received injuries or threats of great personal harm. The adverse credibility determination of the IJ, upheld by the BIA, pointed out that he had not described any of these incidents in his application or interview. He was also unable to explicate the political beliefs of the National Central Unity.

The adverse credibility finding is thus fully explained as required under our circuit law. *See, e.g., De Leon–Barrios v. INS,* 116 F.3d 391, 393–94 (9th Cir.1997). Petitioner's counsel and amicus counsel have pointed to factors that might have led to a different assessment of his credibility. These factors do not, however, compel this court to overturn the assessment made by the IJ and affirmed by the BIA. *Id.* at 393.

The petition for review is DENIED.

cation and is not precedent except as provided by 9th Cir. R. 36–3.